ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3695
    Fax: (510) 637-3724
    E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARIEL TOMAS MORALES, <br><br> Defendant. | NO. CR 22-00249 HSG <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Sentencing Date:    July 17, 2024 <br> Time:    2:00 p.m. <br> Judge:    Hon. Haywood S. Gilliam, Jr. |

I.   **INTRODUCTION**

Defendant Ariel Tomas Morales ("Morales" or "defendant") is scheduled to be sentenced on July 17, 2022 following his completion of the requirements of the Convictions Alternative Program ("CAP") on or about May 6, 2024. Based on defendant's completing CAP and the reasons set forth in the memorandum prepared by defendant's pretrial service officer and the Presentence Investigation Report ("PSR"), the undersigned Assistant U.S. Attorney sought and received authority to make no recommendation regarding defendant's sentence. The government congratulates defendant on his sobriety for the past 13 months and his graduation from CAP and is prepared to submit this matter to the

Court's discretion for an appropriate sentence that is sufficient but not longer than necessary to meet the sentencing objectives set forth in 18 U.S.C. § 3553(a).

## II. FACTUAL AND PROCEDURAL BACKGROUND (PSR ¶¶1-11)

The United States agrees with the factual and procedural background set forth in the Presentence Investigation Report ("PSR") and this brief need not repeat the undisputed description of the defendant's offense conduct described in the PSR.

## III. DEFENDANT'S CRIMINAL HISTORY (PSR ¶¶28-47)

The parties do not dispute the accuracy of defendant's criminal history as detailed in the PSR.

Defendant has nine prior convictions, including six felonies, two of which involved firearms. However, only his two most recent convictions count towards his criminal history score, as the other crimes all pre-date 2008. Of greater concern is the fact that those two most recent convictions both involved violence: (1) a 2010 robbery conviction involving the use of a firearm, for which defendant was sentenced to ten (10) years in prison; and (2) a 2019 assault with a deadly weapon conviction stemming from defendant striking the female victim in the head with a bottle of tequila and then getting on top of her and punching her multiple times in the face with a closed fist, for which defendant was sentence to only 144 days in jail.

## IV. SENTENCING GUIDELINES CALCULATIONS

The government and probation officer agree that the Court should apply the 2021 Sentencing Guidelines Manual to determine defendant's offense level and criminal history because application of the 2023 Guidelines Manual would result in a longer sentence for the defendant because it would include the new four point enhancement for possession of a firearm without a serial number. *See* U.S.S.G. §§ 1B1.11(b)(1) and (2); 2K2.1(b)(4)(ii). As such, the government and the USPO agree that the following guidelines calculations apply from the 2021 Guidelines Manual:

    a.    <u>Base Offense Level</u>    20
           U.S.S.G. § 2K2.1(a)(4)
           (possessing a firearm after one prior
           conviction for a crime of violence)

    b.    <u>Acceptance of Responsibility</u>    -3
           U.S.S.G. 3E1.1

      c.     Adjusted Offense Level:   17

(PSR ¶¶ 16-25).

Application of the 2021 Guidelines Manual results in a criminal history score of seven (7) points, based on five (5) points from defendant's two most recent convictions plus two (2) additional points because defendant was serving a term of probation at the time of the offense. Seven (7) criminal history points results in a Criminal History Category IV score, and a Guidelines sentencing range of 37-46 months. If the Court applied the 2023 Guidelines manual, defendant would only score five (5) criminal history points and be Criminal History Category III, but his Guidelines range would still rise to 46 to 57 months on account of the four point enhancement for possession of a firearm without a serial number.

## V. CONCLUSION

The government makes no recommendation regarding any custodial term the Court may consider imposing. The government agrees with both the Probation Officer and defendant's Pretrial Services Officer that a minimum three year term of supervision, is warranted, whether the Court orders a term of probation or supervised release.

In light of defendant's criminal history and the nature of his offense, the government also recommends that the Court impose the following expanded search condition, which the parties agreed to in defendant's plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

The recommended search clause is necessary to protect the public and serve the interests of deterrence and rehabilitation. Defendant's conviction in this case represents his third firearm related conviction. While defendant's criminal conduct may be related to his substance abuse challenges, his conduct to date has demonstrated both the extent of his addiction issues and his proclivity to possess firearms as a felon. The Court also knows from countless firearm cases that persons who possess firearms often have evidence of their illegal possession of firearms on their personal electronic devices,

ranging from photos displaying the contraband to communications with persons regarding the acquisition and possession of firearms.  This case demonstrates that defendant's prior convictions and probation and parole conditions were insufficient to stop him from committing an assault in 2019, following being paroled in 2018, or possessing a firearm in early 2022, after beginning a five year probation term in 2020, proving the necessity of the requested search condition to protect the public and deter future gun possession by defendant.

DATED:  July 10, 2024                                ISMAIL J. RAMSEY
                                                     United States Attorney


                                                     _/s/ Thomas R. Green_
                                                     THOMAS R. GREEN
                                                     Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 22-0249 HSG